UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brian Sangster,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Clark County Public Defender;<br>Darin F. Imlay; and Alexander C. Henry,<br><br>　　　　Defendants. | Case No. 2:20-cv-00057-APG-EJY<br><br>**REPORT AND RECOMMENDTION**<br><br>**Re: ECF Nos. 1-1 and 3, 5, 8 and 9** |

### I.     Background

Plaintiff is an inmate in the custody of the High Desert State Prison ("HDSP") who has submitted a renewed application to proceed *in forma pauperis* (ECF No. 5). Plaintiff previously submitted an incomplete application to proceed *in forma pauperis* together with a document titled Motion for Temporary Restraining Order and Order to Show Cause, Motion for Class Action Certification on an Order Shortening Time, Pending Preliminary Injunction Hearing (ECF Nos. 1 and 1-1). On January 23, 2020, the Court denied Plaintiff's application, without prejudice, ordering the Clerk of Court to send Plaintiff the Application to Proceed *In Forma Pauperis* by an Inmate, and ordering the Clerk to retain Plaintiff's Motion, but not file the same. ECF No. 4.

On January 30, 2020, Plaintiff filed a renewed application to proceed *in forma pauperis* on the proper form stating that he seeks a "temporary restraining order class certification pending preliminary injunction hearing." ECF No. 5 at 1. Plaintiff attaches his Acknowledgement and a partially completed financial certificate to his renewed application. *Id*. at 3 and 5. Page 6 of his submission includes a printout from the State of Nevada Board of Parole Commissioners titled "Certification of Action, Parole Violation Hearing." *Id*. at 6. On this document, Plaintiff has written "Supporting Evidencen [sic] as Free Person Not a[n] Inmate on Parole"; "Support still on Parole"; "Look"; and, "I have not [b]een violated [a]t this time 'not an Inmate' supports grant application to proceed in form paupersis [sic]."

The Court finds Plaintiff's renewed Application to Proceed *In Forma Pauperis* remains incomplete. Specifically, Plaintiff's Financial Certificate includes no account balance information and the certificate bears no HDSP signature. Thus, Plaintiff's Application will be denied. In addition, the Court finds Plaintiff's requests for relief fail to state claims upon which relief may be granted and, for this reason, recommends dismissal of this action with prejudice.

**II.   Discussion**

    A.   The Screening Standard.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). Here, *in forma pauperis* status is not granted to Plaintiff, but the Court screens the previously filed complaint/motion (ECF No. 1-1) to effect an efficient resolution of this action.

When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Further, to survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When a court dismisses a complaint, the plaintiff should be

given leave to amend with directions regarding how to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      B.      <u>Plaintiff's Complaint And Request For Relief Fails As A Matter Of Law</u>.

In addition to Plaintiff's original Complaint/Motion, Plaintiff previously filed a "Motion to Amend Original filing to Read (Anew) Motion for Temporary Restraining order and order to show cause." ECF No. 3 at 1. Underneath this title, Plaintiff states this is a complaint for civil rights violations and references the First, Sixth, and Fourteenth Amendments to the U.S. Constitution. *Id.* Plaintiff further states that ECF No. 3 is a motion for a temporary restraining order, an order to show cause, a motion for class certification, and an order for shortened time pending a preliminary injunction hearing. *Id*.

Referring to Plaintiff's original filing (ECF No. 1-1) for more information about his concerns, Plaintiff states that Defendants have allegedly violated First, Sixth, and Fourteenth Amendments to the U.S. Constitution. Upon reaching page 9 of 41 of Plaintiff's original Motion, and liberally construing the content, it appears to the Court that Plaintiff is asserting an ineffective assistance of counsel claim against the Clark County Public Defender's Office in violation of the Sixth Amendment to the U.S. Constitution. *Id*. at 9. It also appears that Plaintiff seeks to state a First Amendment retaliation claim by virtue of the withdrawal of his public defense counsel. *Id*. at 10.

However, what is also clear is that Plaintiff is not suing the person who has custody over him, but rather is suing the county public defenders who represented him and others. As the Ninth Circuit previously explained in *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir.2003)(en banc), citing the Supreme Court's decision in *Polk County v. Dodson,* 454 U.S. 312 (1981), Nevada public defenders are not state actors within the meaning of Section 1983 when performing traditional lawyer duties. Although the plaintiff in *Miranda* had already proven ineffective assistance of counsel in a habeas case, the court still held that the plaintiff could not state a Section 1983 claim for damages against his public defenders because there was no state action. *Id*.; *see also Cox v. Hellerstein,* 685 F.2d 1098, 1098–99 (9th Cir.1982).

Here, regardless of whether Plaintiff may be able to ultimately prove that the Clark County Public Defender's Office provided him (and the class he seeks to represent) with ineffective assistance of counsel in violation of the Sixth Amendment or retaliated in violation of the First Amendment, Plaintiff states no claim under Section 1983 because he is not suing state actors. Thus, even liberally construing Plaintiff's complaint, application for a temporary restraining order, and request for a hearing on preliminary injunction, the Court finds Plaintiff fails to state a claim upon which relief can be granted. Moreover, there is no amendment that will save these claims against the named defendants. This outcome, together with Plaintiff's second incomplete renewed application for *in forma pauperis* status, leads the Court to recommend dismissal with prejudice of Plaintiff's action.

**III.     Report and Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's second Application to Proceed *In Forma Pauperis* (ECF No. 5) be DENIED with prejudice.

IT IS FURTHER RECOMMENDED that all pending Motions (ECF Nos. 1-1, 3, 5, 8 and 9) as well as Plaintiff's Complaint and request for extraordinary injunctive relief be DISMISSED with PREJUDICE because Plaintiff fails to state claims upon which relief may be granted.

DATED:  February 25, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives

4

1  the right to appeal the District Court's order and/or appeal factual issues from the order of the District
2  Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*,
3  708 F.2d 452, 454 (9th Cir. 1983).